```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

```
SUSAN PRAMUK,                    )
                                 )
Plaintiff,                       )
                                 )
    vs.                          )   CAUSE NO. 2:12-CV-418
                                 )
UNTERBERG AND ASSOCIATES PC,     )
                                 )
Defendant.                       )
```

## **OPINION AND ORDER**

This matter is before the court on Plaintiff Susan Pramuk's complaint and her petition to proceed *in forma pauperis*. For the reasons set forth below, pursuant to 28 U.S.C. §1915(e)(2), the court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** this case.

BACKGROUND

The Plaintiff alleges that the defendant "law firm ignored [her] divorce papers that proclaimed [her] ownership to" her home (DE 1 at 3) and that the law firm violated her "rights to [her] home, civil rights as a Native American, disabled with fixed income" (DE 1 at 2). The Plaintiff seeks to keep her home and obtain a modification of her mortgage (DE 1 at 3).

DISCUSSION

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an

impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). If

the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Attorneys, even public defenders representing criminal defendants in state court, do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, the Defendant in this case, Unterberg and Associates PC, is not a state actor, and is not a proper defendant in a Section 1983 action.

CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) and pursuant to 28 U.S.C. §1915(e)(2), **DISMISSES** this cause of action.

**DATED: October 19, 2012**  /S/RUDY LOZANO, Judge
**United States District Court**